UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE MOORE,

           Petitioner,

                                        CASE NO. 08-CV-12098
v.                                       HONORABLE AVERN COHN

SHIRLEE HARRY,

           Respondent.
_____/

## MEMORANDUM AND ORDER
## GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Clarence Moore ("Petitioner"), through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that he is incarcerated in violation of his constitutional rights. Before the Court is Respondent's motion for summary judgment on the grounds that the petition is untimely. For the reasons that follow, the motion will be granted and the petition will be dismissed.

### II. Facts and Procedural History

Petitioner was convicted of first-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony following a jury trial in the Genesee County Circuit Court in 1998. He was sentenced to life imprisonment without parole on the murder conviction, a concurrent term of 15 to 30 years imprisonment on the assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. Petitioner filed an appeal as of right with

the Michigan Court of Appeals, which affirmed his convictions and sentence. People v. Moore, No. 214248, 2001 WL 1480718 (Mich. Ct. App. Nov. 20, 2001). Petitioner also appealed to the Michigan Supreme Court, which heard his case and affirmed his convictions. People v. Moore, 470 Mich. 56 (May 12, 2004).

On April 25, 2007, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on June 29, 2007. It appears that Petitioner did not appeal that decision to the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner, through counsel, filed the present petition for writ of habeas corpus on May 22, 2008, raising a confrontation/cross-examination claim and a jury composition claim. Respondent filed the instant motion for summary judgment on the grounds that the e petition fails to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a reply to the motion contending that he is entitled to equitable tolling of the one-year period.

### III. Discussion

28 U.S.C. § 2244 includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

2

>    recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, the Michigan Supreme Court affirmed his convictions on May 12, 2004. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. See Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about August 10, 2004. See *Lawrence v. Florida*, _ U.S. _, 127 S. Ct. 1079, 1083-84 (2007) (noting that the time for seeking direct review of a state court conviction includes the time for seeking a writ of certiorari with the United States Supreme Court). Accordingly, Petitioner was required to file his habeas petition by August 10, 2005, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until June 29, 2007. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. See Hargrove v. Brigano, 300 F.3d 717, 718 n. 1 (6th Cir. 2002). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the limitations period does not begin to run anew after the

completion of state post-conviction proceedings. See Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has neither alleged nor established that the state created an impediment to the filing of his habeas petition, or that his claims are based upon newly-discovered facts or newly-recognized constitutional rights which have been given retroactive effect. His habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The Court of Appeals for the Sixth Circuit has, however, determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In Dunlap v. United States, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. U ltimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." Miller v. Collins, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner, however, has the burden of demonstrating that he is entitled to equitable tolling. See Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002).

In his reply, Petitioner asserts that he lacked actual knowledge of the statute of limitations, that he was not represented by counsel following his state court direct

4

appeals until he filed his motion for new trial, that he has been diligent in pursuing his rights, that Respondent will not be prejudiced, and that he has a substantial likelihood of prevailing on the merits. However, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); Holloway v. Jones, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Petitioner has provided no sufficient explanation for why he remained ignorant of the statute of limitations from its enactment in 1996 until the present time. Moreover, contrary to his assertion, he has not diligently pursued his rights given that he waited nearly three years after his convictions became final to file his motion for relief from judgment in the state trial court (and did not appeal that decision to the state appellate courts) and then waited nearly one year to file his habeas petition. While Petitioner's conduct may have not been intentionally dilatory, it has not been diligent. Lastly, the Court notes that the absence of prejudice to the respondent is a factor to be considered "only after a factor that might justify tolling is identified." Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003). No such factor has been identified. Petitioner has failed to demonstrate that he is entitled to equitable tolling under Dunlap.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). See Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005). To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513

5

U.S. 298, 327-28 (1995)); see also House v. Bell, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. Petitioner has made no such showing. His assertion that his habeas claims have merit does not justify tolling the limitations period. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

## IV. Conclusion

For the reasons stated above, Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and has not demonstrated entitlement to equitable tolling. Accordingly, Respondent's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.


Dated: December 9, 2008      s/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 9, 2008, by electronic and/or ordinary mail.

                                                  s/Julie Owens
                                                  Case Manager, (313) 234-5160