UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE MOORE,

        Petitioner,

v.

        CASE NO. 08-CV-12098
        HONORABLE AVERN COHN

SHIRLEE HARRY,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OR FOR A CERTIFICATE OF APPEALABILITY

I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Michigan prisoner Clarence Moore ("Petitioner"), through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that he is incarcerated in violation of his constitutional rights.  Respondent filed a motion for summary judgment on the grounds that the petition is untimely.  The Court granted Respondent's motion and dismissed the case.  See Memorandum and Order Granting Respondent's Motion for Summary Judgment and Dismissing Petition for Writ of Habeas Corpus, filed December 9, 2008.  Before the Court is Petitioner's motion for reconsideration or for a certificate of appealability.  For the reasons that follow, the motion is DENIED.

II. Reconsideration

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)).

Petitioner argues reconsideration is warranted because the Court did not afford Petitioner an evidentiary hearing on whether the statute should have been equitably tolled. Putting aside that Petitioner did not request such a hearing, this argument is not grounds for reconsideration. Petitioner asserted equitable tolling was appropriate because he is untrained in the law and unaware of the filing deadlines. As explained in the Court's December 9, 2008 decision, ignorance of the law does not justify tolling. Moreover, although Petitioner argued that he was likely to succeed on his claims, Petitioner presented no evidence which would have suggested the need for an evidentiary hearing. As such, because the parties' filings and the record of state court proceedings filed by respondent under Rule 5 established that the petition was time-barred, an evidentiary hearing was not warranted. See Rule 8(a), 28 U.S.C. foll. § 2254 (evidentiary hearing required only where facts necessary to determination are outside the record).

2

III. Certificate of Appealability

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where, as here, a petitioner files a notice of appeal, the Court must issue an order granting or denying a certificate of appealability. See Castro v. United States, 310 F.3d 900 (6th Cir. 2002)

3

(per curiam).

Petitioner has not shown he is entitled to a COA. As fully explained in the December 9, 2008 decision, the petition is clearly time barred and Petitioner has not demonstrated that he is entitled to equitable tolling. Reasonable jurists would not debate this conclusion or find that the petition deserves to proceed further.

SO ORDERED.

      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 6, 2009, by electronic and/or ordinary mail.

      s/Julie Owens
Case Manager, (313) 234-5160